```
                                                           USDC SDNY
                                                           DOCUMENT ELECTRONICALLY
                                                           FILED
UNITED STATES DISTRICT COURT                               DOC#:
SOUTHERN DISTRICT OF NEW YORK                              DATE FILED: 5-1-18
```

------------------------------------------------------- x

VISTA FOOD EXCHANGE, INC.,

                Plaintiff,

     -against-

LAWSON FOODS, LLC,

                Defendant.

------------------------------------------------------- x

1:17-cv-07454 (ALC)

**DECISION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

     On April 20, 2018, Defendant Lawson Foods requested by letter motion (1) a pre-motion conference to discuss the Plaintiff Vista Food's conduct in connection with the Second Amended Complaint ("SAC") it filed in response to Defendant's Rule 11 motion; (2) a temporary stay of discovery and briefing deadlines until the requested conference can take place; and (3) a ruling on Defendant's Rule 11 motion for sanctions. ECF 47. Thereafter, on April 30, 2018, the Court approved parties' stipulation that Plaintiff's SAC rendered Defendant's previously filed Motion to Dismiss moot and therefore Defendant withdrew its Motion. ECF 52.

     In light of parties' stipulation, Defendant's request for an emergency conference and temporary stay of discovery is also rendered moot. Indeed, the impetus for Defendant's letter was to discuss Plaintiff's conduct, which allegedly "raises serious concerns that should be addressed before [Defendant] Lawson is required to respond to [Plaintiff] Vista's third complaint." *Id.* at 1. As Defendant seems to have agreed to let the matter continue moving forward in spite of its concerns, the Court finds it unnecessary to hold a pre-motion conference to

discuss Plaintiff's conduct or the SAC, and relatedly sees no basis to temporarily stay discovery.[1]

Next, Defendant's Rule 11 motion is dismissed without prejudice because it does not adequately address why Plaintiff's SAC does not correct the alleged sanctionable offenses. Rule 11(c)(2) provides that a motion for sanctions shall not be filed with the court if the "challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." Fed. R. Civ. P. 11(c)(2). In response to Defendant's threat of a Rule 11 motion, Plaintiff filed its SAC. Rather than amend its Rule 11 motion to specifically argue why the SAC did not cure the alleged sanctionable offenses, Defendant's Rule 11 motion as filed states in a footnote, in conclusory fashion, that the SAC "does not 'appropriately correct' the sanctionable defects in Vista's First Amended Complaint." ECF 43 pg. 1 n.2. Without more, the Court is not in a position to rule on whether Plaintiff engaged in sanctionable conduct. As any ruling at this stage would be premature, Defendant's Rule 11 motion, ECF 42, is dismissed without prejudice.

Accordingly, Defendant's requests for an emergency conference and temporary stay of discovery are **DENIED**, and its Rule 11 motion is dismissed without prejudice. Given Defendant's concerns regarding the briefing and discovery schedule, the Court resets the deadline for Defendant to file its motion to dismiss the SAC to May 24, 2018. Plaintiff's

---

[1] Regardless of the stipulation, Defendant's letter dated April 20, 2018 does little to meet the burden for staying discovery. Under the prevailing law of this Circuit, a party seeking a stay of discovery must demonstrate "good cause." Fed. R. Civ. P. 26(c); *Negrete v. Citibank, N.A.*, 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015) (citing *Morien v. Munich Reinsurance Am., Inc.*, 270 F.R.D. 65, 66-67 (D. Conn. 2010)). In assessing a motion to stay discovery, courts examine three factors: "1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, 2) the breadth of discovery and the burden of responding to it, and 3) the risk of unfair prejudice to the party opposing the stay." *Negrete*, 2015 WL 8207466, at *1 (citing *Morien*, 270 F.R.D. at 67). The movant bears the burden as to all three factors. *See Mirra v. Jordan*, 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) (declining to shift burden to Plaintiff to show prejudice). It is not clear from Defendant's letter that Plaintiff's claims are unmeritorious, the breadth and burden of discovery are overwhelming, and that Plaintiff is not prejudiced by the stay.

opposition is due on June 7, 2018; defendant's reply in support by June 14, 2018.

**SO ORDERED.**

Dated:  May 1, 2018
        New York, New York

                                           **ANDREW L. CARTER, JR.**
                                           **United States District Judge**