Law Offices
# JONATHAN C. SCOTT, P.C.
BUSINESS LAW, LITIGATION AND SUCCESSION PLANNING

**1920 McKinney Ave.**
**7th Floor**
**Dallas, Texas 75201**

DIRECT DIAL: (214) 999-2901
DIRECT FAX: (972) 973-9967
jcscott@jonathancscottpc.com

May 23, 2018

<u>**VIA ECF**</u>

Honorable Judge Sarah Netburn
United States District Court for the
Southern District of New York
40 Foley Square, Room 219
New York, New York 10007
Netburn_NYSDChambers@nysd.uscourts.gov

      Re:    *Vista Food Exchange Inc. v. Lawson Foods, LLC,* No. 1:17-cv-07454

Dear Judge Netburn,

We are writing to respond to Defendant Lawson Foods, LLC's Letter Motion for Discovery Regarding Damages Computation dated May 21, 2018. Simply put, this letter motion is unnecessary because, per Defendant's request, at the time Defendant filed the instant motion, Plaintiff was still working on obtaining the requested information to provide a date certain.

As the correspondence attached to Defendant's Letter Motion demonstrates, upon receiving Defendant's request for a date certain by which Plaintiff Vista Food Exchange, Inc. would amend its damages computations under Rule 26(a)(1)(A)(ii), I informed Defendant that I had inquired as to when Vista expected to have the necessary information culled and when it would be able to provide the computation requested. I notified Defense counsel that I would get back to him once the requested information was received. As discussed extensively during the call between counsel on May 10, 2018, much of the data necessary to provide a more detailed damages computation was stored on a legacy system not in active use. At the time counsel informed Defendant that it was anticipated a damages computation could be provided within 45 days, Plaintiff's counsel was not aware that the necessary data was divided between two ERP systems—one of which was not in active use. Unfortunately, the process of compiling the data needed for the analysis by the forensic expert was complicated and delayed as a consequence of these data access issues. Nevertheless, Vista has worked with deliberate speed to complete a preliminary detailed damages calculation at this juncture. Plaintiff anticipates providing the amended basic damages computation on or before May 28, 2018 as requested by Defendant.

Judge Netburn
May 23, 2018
Page 2

In addition, as Plaintiff informed Defendant in its discovery responses, Plaintiff intends to produce to Defendant all non-privileged, responsive damages documents (sought in its Requests for Production) no later than three weeks after the parties reach an agreement on an appropriate ESI search protocol. Accordingly, such damages documentation will be produced to Defendant at a later date, as the parties are still working out how the data from Vista's ERP system will be culled for production.

Finally, Defendant cannot claim to have been prejudiced by the brief delay in the disclosure of this computation, as Defendant has not yet even filed an answer in this action.

Sincerely,

JONATHAN C. SCOTT, P.C.

Jonathan C. Scott