June 5, 2018

**VIA ECF**

Hon. Sarah Netburn
United States District Court for
the Southern District of New York
40 Foley Square, Room 219
New York, New York 10007

Re:   *Vista Food Exchange, Inc. v. Lawson Foods, LLC*, No. 1:17-cv-07454(ALC)(SN)
      **Joint Status Letter**

Dear Judge Netburn:

The parties respectfully submit this joint status letter in accordance with the Civil Case Management Plan & Scheduling Order, filed on April 3, 2018.

**Status of Discovery**

Vista served its initial disclosures on March 21, 2018 in accordance with the parties' agreement.  Lawson served its initial disclosures on March 23, 2018.

On April 6, 2018, Vista served its first set of requests for production and its first set of interrogatories.

On April 18, 2018:

- Lawson served its first set of requests for production of documents;
- Vista served a Request for Entry and Inspection under Fed. R. Civ. P. 34(a)(2) seeking access to Lawson's facilities in Irvington, New Jersey to "inspect, review, photograph and videotape (1) the facilities and their operations, (2) the preparation and/or handling of paperwork on food products, (3) inspections of food products and/or animals intended for slaughter; and (4) the packaging, labeling and completion of documents for food products intended for export;"
- Vista noticed the deposition of Lawson's managing member Simon Law; and
- Vista noticed the deposition of Lawson pursuant to Fed. R. Civ. P. 30(b)(6).

On May 1, 2018, Vista served its second set of interrogatories.

Hon. Sarah Netburn
June 5, 2018
Page 2 of 10

On May 7, 2018, Lawson served its responses to Vista's first set of requests for production of documents and Vista's first and second set of interrogatories.[1] (See Exhibits B and C, respectively.) Lawson did not produce documents with these responses.

On May 18, 2018, Vista served its response to Lawson's first set of requests for production of documents. Vista did not produce documents with these responses.

On May 29, 2018, Vista sent a proposed Rule 30(b)(6) deposition notice for Lawson on topics related to Lawson's records and ESI and requested that Lawson provide available dates for a records deposition.  (See Exhibit D, Proposed 30(b)(6) Notice.)

On May 29, 2018, Vista provided an initial damages computation in accordance with Federal Rule of Civil Procedure, Rule 26(a)(1)(A)(iii).[2]

**Plaintiff's Position**

Plaintiff Vista Food Exchange, Inc. ("Vista") and Defendant Lawson Foods, LLC ("Lawson") buy and sell pork products. For years, Vista sold products to Lawson, including products that Vista distributed from non-party Smithfield Foods.

Vista's allegations are extensively detailed in the Second Amended Complaint ("SAC"). (See Ex. A, Second Amended Complaint.)  Vista maintains that Lawson's contention that Vista should be required to prove its case before discovery is completed is without merit Vista contends that all causes of action are properly pleaded in the SAC and believes in good faith that discovery will prove the allegations asserted. Vista computes its lost profits as being within a range of $6.9 and $8.0 million dollars not including interest or damage to goodwill.  (See Exhibit E.)  To date, Lawson has not filed an answer.

Vista seeks discovery, among other things, of the **complete** export documentation for all of the orders, and is not satisfied with Lawson's production of select (incomplete) documentation totaling no more than 5 pages for only two orders out of what may have been hundreds of orders being exported to China by Lawson.

---

[1] There was an error in numbering the interrogatories in Vista's first and second sets such that two different interrogatory questions were labelled No. 7. Lawson contends that it inadvertently responded only to No. 7 from the second set of interrogatories. Lawson served amended responses on June 5, 2018.  Vista reserves all rights regarding these interrogatories.

[2] May 28, 2018 was a legal holiday.

Hon. Sarah Netburn
June 5, 2018
Page 3 of 10

To date, Lawson has provided no meaningful discovery information.  Now, Lawson apparently expects the Court to intervene to disallow legitimate discovery largely based on its arguments that (a) Lawson is a mom and pop operation with limited resources who shouldn't be required to comply with the Federal Rules, and (b) Vista's damages are implausible and the case is without merit.  Lawson's arguments to limit or delay discovery have been rejected by Judge Carter twice and Judge Netburn once.  Enough is enough.  Vista respectfully requests that the Court address the various discovery issues raised in this letter and require Lawson to comply with its obligations under the FRCP.

Vista also requests that the Court consider whether it is appropriate for the Court to appoint a Special Master given the inability of the parties to move discovery forward in the ordinary course.

While counsel have conducted multiple meet and confer conferences they have not been productive in resolving disputes. Instead, counsel have repeatedly differed as to what was discussed and proposed.

Lawson provided only one incomplete substantive response to seven interrogatories, as it identified only personnel at Vista, Smithfield, and Lawson who it contends were involved with the Smithfield product that Lawson purchased from Vista even though Lawson's counsel acknowledged that third parties were involved in the handling of such product.  During a meet and confer conference on or about May 10, 2018, Lawson's counsel informed Vista that it would produce documents that would answer the interrogatories.  However, Lawson has not yet produced any responsive documents and has not confirmed in writing that the documents will answer the interrogatories despite request.

In addition, Lawson has indicated that its vendor cannot extract any data from the ERP system.  Lawson has proposed that Vista's counsel endeavor to find relevant records by trying to operate Lawson's proprietary ERP system (which is apparently in Chinese to some extent) onsite without any documentation on how the system works. Lawson has also indicated that many of its books and records are at an offsite storage facility that Lawson's counsel has not yet visited.  Accordingly, counsel cannot confirm how the materials are organized.

Further, Lawson has refused to provide dates for the records deposition to take place prior to any merits depositions in this action.  Lawson insists one unitary deposition must be taken for records and merits. It asserts the combined time of any Rule 30(b)(6) merits and records depositions will be limited to seven hours,

In urging the Court to limit discovery, Lawson's counsel seeks to convince this Court that Lawson is nothing more than a "mom and pop operation" with only two people.

Hon. Sarah Netburn
June 5, 2018
Page 4 of 10

However, this characterization is belied by publicly available information and Vista's own experience. Lawson operates a 35,000 square foot USDA regulated food processing facility in New Jersey and reportedly operates nine trucks. Its counsel has admitted that Lawson uses a custom-made proprietary ERP or POS system. Further, according to public documents, Lawson employs 25 people. (See Ex. F, Seafax Report.) In the 24 months prior to June 2017, Lawson placed approximately 703 orders for Smithfield products with Vista, with a total approximate value of $17.8 million.[3] Based on these facts the representation that Lawson is nothing more than a mom and pop operation is simply not credible.

Interrogatories

On May 29, 2018, Plaintiff filed a letter application seeking a pre-motion conference before filing a motion to compel additional responses to Interrogatories, Set One and Two. (Ex. B, Interrogatories and Responses; Ex. G, Letter Application dated May 29, 2018.) As detailed in the letter application, Defendant has failed and refused to identify third parties who may have relevant and discoverable information. Defense counsel has admitted that there were third parties involved in the transportation and export processes of Smithfield's pork products, but Defendant has refused to correct its answers to disclose the identity of these third parties, including presumably the trucking company, freight forwarder, the customs broker, and the specific USDA inspectors involved. Defendant has unilaterally asserted that it does not believe the identification of such persons to be relevant to the "subject matter" of the suit and refuses to supplement. The disclosure of the identities of these individuals is critical at this juncture so Vista can conduct third party discovery---particularly in light of Lawson's stated difficulties in identifying and producing export documents. While Defense counsel has represented during phone conferences that certain third party information will be disclosed in Defendant's document production, Defendant has refused to confirm to Plaintiff that the complete information sought by Plaintiff can be gleaned from the documents it anticipates producing. Defense counsel recently informed Plaintiff's counsel that he has not reviewed many of the documents or ESI that Lawson has in its possession, so counsel does not yet know the contents.

Finally, with regard to the interrogatories, Defendant has requested that the Court delay discovery by withholding any conference until after the motion to dismiss is submitted on

---

[3] Curiously, Lawson's counsel has failed to identify the company's annual revenue. This again belies Lawson's representations.

Hon. Sarah Netburn
June 5, 2018
Page 5 of 10

June 14, 2018.  This is yet another effort to delay discovery and it should be denied as Defendant's prior requests were denied.

Rule 30(b)(6) Records Deposition and ESI Protocol

At the outset, it should be noted that Vista has only noticed the deposition of Lawson's principal, Simon Law, once.  Lawson has apparently determined that Law will be the designee in response the Rule 30(b)(6) notices relating to merits and records.  Lawson's characterization to the contrary is in error.

On May 29, 2018, Vista sent a draft Rule 30(b)(6) notice (Exhibit D, Proposed Rule 30(b)(6) notice) for a records deposition to Lawson and requested that Lawson provide available dates.  In response, Lawson has refused to allow Vista to conduct a Rule 30(b)(6) records deposition prior to taking any merits depositions in this action.  Lawson has indicated that Simon Law, Lawson's managing member, will be the designated deponent for the records deposition, and will also serve as the Rule 30(b)(6) designee for the merits deposition.  Vista also seeks to take Mr. Law's deposition in his individual capacity.  Lawson's counsel has informed Vista that Lawson will only produce Law for one 7-hour day of deposition and will not allow the records deposition to proceed prior to the merits depositions.   This is highly problematic, and prejudices Vista's ability to conduct a comprehensive merits deposition, as Vista must first confirm that Lawson has, in fact, preserved and produced all relevant information.  Lawson has informed Plaintiff that it intends to produce only certain, limited documents directly to Vista and that it will give Vista access to an off-site storage facility where other documents (apparently any documents dated older than a year old) have been moved.  Vista does not believe that this method of "production" complies with Lawson's obligations under the Federal Rules, and has repeatedly requested that Lawson detail in writing to Vista the organization of the off-site documents so Vista can more fully assess the reasonableness of Lawson's suggestion that Vista find and locate potentially responsive documents in the facility.  Until June 4, 2018, Lawson failed to provide any such information in writing. On June 5, 2018, Lawson finally provided incomplete information in this regard.[4]   The limited information provided to Vista raises more questions than it resolves, however.

---

[4] Vista has requested that such information be provided in writing to avoid any misunderstandings between the parties, because there is a history between the parties of such issues.

Hon. Sarah Netburn
June 5, 2018
Page 6 of 10

Lawson's counsel also indicated that if Vista had questions regarding specific documents, it would consider providing such information. Accordingly, Vista made a written request for Lawson for:

1. A description of the types of documents, and the location where all documents/records are stored regarding or relating to Lawson's business or relationship with Shenzhen Liaoji Trade Co., Ltd.

2. The location where the following documents are stored in hard copy or electronic format, who created them, and how they were created:

   a. Export Control Documents as defined by the Export Administration Regulations (EAR) Part 772.
   b. Copy of Electronic Export Information (EEI) filed with the U.S. Customs and Border Protection (CBP).
   c. Dock Receipt or Bill of Lading issued by any carrier in connection with export.
   d. All documents kept in accordance with EAR Part 762, including without limitation memoranda, notes, correspondence, contracts, invitations to bid, books of accounts, financial records, restrictive trade practice or boycott documents and reports; Other records pertaining to the types of transactions described in §762.1(a) of this part, which are made or obtained by a person described in §762.1(b) of this part.
   e. Notification from Bureau of Industry and Security (BIS)(of the U.S. Department of Commerce) of an application being returned without action; notification by BIS of an application being denied; notification by BIS of the results of a commodity classification or encryption review request conducted by BIS.
   f. Report numbers AES-201, AES-202, and AES-203 for the period of January 1, 2015 to the present.
   g. All records kept in accordance with EAR Part 758.

Vista has also requested that Lawson provide the following information in writing so it can determine the scope of any forthcoming records deposition:

- How data is created, stored, organized, and deleted by Lawson;
- The various data sources where potentially responsive ESI is kept;
- The format that data is kept in;
- What will be used to perform the proposed ESI searches;

Hon. Sarah Netburn
June 5, 2018
Page 7 of 10

- All information required by Section 8 in the ESI protocol relating to the ERP system; and
- A detailed description of the organizational system in place at the storage facility.

Vista has received an incomplete response to these requests.

Vista believes that it is necessary to conduct the Lawson records deposition before it can agree to the ESI search protocol for Lawson's information.

In a June 5, 2018 letter from Lawson's counsel to Vista's counsel, Lawson takes the position that Vista's ESI obligations extend to require that its counsel's law firm network be forensically inspected and searched, but this apparently does not apply to Lawson's lawyer's network. No authority is cited in the letter for this position and Vista considers it to be a continuation of the harassment by Lawson that began with its groundless threats to disqualify counsel.

Vista contends that it is sufficient that all non-privileged responsive records in its possession or control be produced. Vista asks for a ruling that a forensic search of counsel's data is not required. Vista's counsel has assured Lawson's counsel that responsive non privileged communications between Smithfield's counsel and Vista's counsel will be produced.

<u>Requests for Production</u>

In response to the requests propounded, Lawson repeatedly objected to producing documents other than those related to "Smithfield pork products Lawson purchased from Vista and exported to China" primarily on relevance grounds. After an extensive telephonic conference on the issue, Vista sent Lawson a detailed meet and confer letter referencing the allegations in the operative Second Amended Complaint that relate to the documents and information sought. (Ex. D, Letter to Lawson dated May 14, 2018.)

The parties fundamentally disagree on the scope of discovery and relevance of the information sought as the allegations in the operative complaint are much broader than acknowledged by Lawson. Lawson has not supplemented its responses, and it has produced no documents to date, so it remains unclear what Lawson will actually be producing. However, during a recent telephonic meet and confer effort, Lawson represented that it would produce every communication with Vista; every communication with Smithfield; every document relating to Smithfield pork products; and that Lawson will be providing access to its ERP system. If this is Lawson's intent, it should withdraw its objections of overbreadth.

Hon. Sarah Netburn
June 5, 2018
Page 8 of 10

Settlement Conference.

Vista will participate in any settlement conference in good faith, but does not believe that holding a settlement conference before the completion of discovery would be productive, as Defendant continues to claim that the lawsuit has no merit and will be dismissed.

**Defendant's Response**

As the above shows, Vista has taken an unduly aggressive approach to discovery in this case—particularly given the nature of the claims, the amount in controversy, the parties' resources, and the importance of the information Vista purports to seek.

Vista alleges Lawson sold three orders of Smithfield pork spareribs into China without proper export documentation, in breach of an agreement between Vista and Lawson. Vista further contends that Lawson's sale of those spareribs caused Smithfield to suspend all sales to Vista for several months. Lawson does not dispute it sold the spareribs at issue into China and gave Vista the associated export documentation months ago. Accordingly, Vista already has most—if not all—of the documents it needs from Lawson.

Vista seeks exclusively consequential damages (unavailable for breach of contract) in the form of lost profits. Vista estimates its damages at $6-7 million, but—even though Vista admits Smithfield recently resumed accepting orders from Vista—that number includes lost profits through 2025 and assumes that Vista did not mitigate its damages. Vista's disclosures indicate that in 2017, before the "incident" that allegedly caused Smithfield to cut Vista off, Vista's purchases from Smithfield were already down over 50% compared to 2015 and 2016. Thus, the realistic amount in controversy here is relatively small.

In this context, the proportionality analysis required by Rule 26(b) urges narrowly tailored and minimally burdensome demands on Lawson. Nevertheless—hoping to avoid discovery disputes—Lawson has agreed to give Vista access to virtually every document in Lawson's possession, custody, or control. Instead of reviewing these documents, Vista has made increasingly unreasonable and burdensome demands. Meanwhile, Vista has not produced a single responsive document.

Documents

Lawson is operated by two people—sole proprietor Simon Law and office manager Mei Chu. Lawson's business is conducted primarily over the telephone. Paper documents, including bills of lading, invoices, and checks, are kept in a filing cabinet. Files that "age out" of the filing cabinet (typically after about one year) are moved to off-site storage.

Hon. Sarah Netburn
June 5, 2018
Page 9 of 10

Lawson has offered to make these files available to Vista's counsel, who refuse to visit the storage facility.

Lawson records sales using a rudimentary point-of-sale (POS) software program from which Lawson's discovery vendor has advised it is unable to extract the data in a useful format. Thus, Lawson has offered to give Vista's counsel direct access to the system—which they have refused.[5]

Mr. Law and Ms. Chu each has an email account they use for business. On May 17, 2018, as required by the Stipulation and Order Regarding ESI Production Protocol (ECF 39), Lawson provided Vista with the search terms it intends to use to collect potentially responsive emails. Vista insists it cannot agree to those terms until it has taken the deposition of Simon Law. As soon as Vista agrees to the search parameters, Lawson will begin the collection and production of emails.

Interrogatories

Consistent with Local Civil Rule 33.3, Lawson has identified for Vista the individuals with knowledge of information relevant to the subject matter of this action—including employees or agents of Lawson, Vista, Smithfield, and the USDA. To the best of our knowledge, Vista has not followed up with any of the third parties on that list. Instead, Vista complains that the list is "incomplete" because it does not identify, *inter alia*, truck drivers who may have transported Smithfield pork products. Lawson is not obligated to conduct a sweeping investigation on Vista's behalf to identify every individual who may have some tangential connection to this case. At a minimum, Vista should review *Lawson's* documents and pursue discovery from the third parties *known* to have relevant information before it moves to compel Lawson to expand on its interrogatory responses.

Depositions

Vista has noticed Mr. Law's deposition three times—once in his individual capacity and twice under Rule 30(b)(6). But Vista does not need to depose Mr. Law more than once. Certainly, Vista does not need a "records deposition". Lawson already has described for Vista the nature, extent, location, and format of Lawson's records. It is hardly a system so complicated that it cannot be understood without deposing Lawson's sole proprietor.

---

[5] Vista, by contrast, has agreed to produce only "summary reports from [Vista's POS systems] sufficient to determine…a) purchases from Lawson to Vista; b) all purchases by Vista of Smithfield pork products." Lawson will wait to see Vista's production before deciding whether Vista has provided enough information to test Vista's damages claims.

Hon. Sarah Netburn
June 5, 2018
Page 10 of 10

Lawson respectfully suggests that the Court direct Vista to finalize the ESI collection protocol, review the documents Lawson has made available, and produce its own responsive documents. If, after taking those basic steps, Vista has legitimate, specific issues with Lawson's production, it can raise them at that time.

The parties appreciate the Court's attention to these matters.

Respectfully,

JONATHAN C. SCOTT, P.C.

*Jonathan C. Scott*

By: Jonathan C. Scott

*Counsel for Plaintiff Vista Food Exchange, Inc.*


LUPKIN PLLC

*s/ Michael B. Smith*

By: Michael B. Smith,

*Counsel for Defendant Lawson Foods, LLC*