UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VISTA FOOD EXCHANGE, INC.,<br><br>     Plaintiff,<br><br>-against-<br><br>LAWSON FOODS, LLC,<br><br>     Defendant. | Case No. 1:17-cv-07454-ALC-SN<br><br>**PLAINTIFF VISTA FOOD EXCHANGE'S SECOND NOTICE OF DEPOSITION OF LAWSON FOODS, LLC PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE, RULE 30(b)(6) (RECORDS DEPOSITION)** |

**TO DEFENDANT AND ITS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff Vista Food Exchange, Inc. ("Plaintiff" or "Vista"), by its attorneys, Jonathan C. Scott, P.C., pursuant to Federal Rule of Civil Procedure Rules 26 and 30(b)(6) will conduct the deposition upon oral examination, by video and/or stenographic means on August 7, 2018 at 10:00 a.m. in the offices of Veritext Legal Solutions, located at 1250 Broadway, Suite 2400, New York, NY, 11201, 800-362-2520, of the officer, director, managing agent or representative of Defendant Lawson Foods, LLC ("Lawson") most knowledgeable about the matters set forth below.

Lawson must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf as to the following topics for examination.  In advance of the deposition, Lawson should set out the matters on which each person designated will testify.  The persons designated must testify about information known or reasonably available to the organization.

Such deposition(s) will be taken before a person authorized by law to administer oaths and will continue from day to day until completed. It may also be videotaped.

### Topics for Examination

1. How data is created, stored, organized, and deleted by Lawson.
2. How data is preserved and transferred from one system to another.
3. The layout and configuration of Lawson's computer systems and electronic data sets.

4. The email systems of Lawson, including without limitation:
    a. Any email software and versions presently and previously used by Lawson since January 1, 2015.
    b. Any email domains used.
    c. All hardware that has been used or is currently in use as a server for the email system including its name.
    d. The specific type of hardware that was used as terminals into the email system (including home PCs, laptops, desktops, cell phones, PDAs) and its current location.
    e. The method by which work emails are accessed while in the office.
    f. The location where emails are stored, e.g. on a server or on the local machine.
    g. Any use of Outlook, Lotus Notes, Mac OSX Mail, Thunderbird, Eudora, Sea Monkey, etc.
    h. Any archiving of emails. If so, location.
    i. The location where emails are saved, e.g. local drive, network drive, removable drive, etc.
    j. The method by which work emails are accessed while not in the office.
        i. Any webmail, VPN, etc.
        ii. Any saving or downloading of emails or attachments remotely.
    k. Any use of web-based email, such as Gmail, Hotmail, Yahoo, etc.
    l. All email accounts in use at any time since January 1, 2015 to the present—both past and current users.
        i. Any specific purpose for each account.
        ii. Passwords for users
    m. Any encryption of emails in any way.
    n. Users who have generated email related to the subject matter of the above-entitled action.
    o. Known emails (including creation date, recipient and sender) relating to, referencing or relevant to the subject matter of the above-entitled litigation.
5. The computer systems or hardware, including without limitation:
    a. Any computers that have been or are currently in use by Lawson or its employees (including desktop computers, PDAs, portable, laptop and notebook computers, cell phones, etc.)
        i. Any work computers.

2

     1. Any locations where work related documents or emails are stored.
    ii. Any personal computers used in relation to any business purpose, including to access work information.
     1. Any locations where work related documents or emails are stored.
    iii. The current location of all computers.
  b. Computer type, brand, and model number.
  c. Computers that have been re-formatted, had the operating systems reinstall or been overwritten and date of each event.
  d. The operating systems of any computers—e.g. Windows, MAC, etc.
  e. The communications and connectivity for each computer, including but not limited to terminal to mainframe emulation, data download, and/or upload capability to mainframe, and computer to computer connections via network, modem, and/or direct connection.
  f. Any remote access systems.
  g. Any log in to the work network through a VPN, Citrix, or other connection.
  h. Any encryption of hard drives, email or documents.
    i. The programs used.
    ii. Decryption keys.
  i. Login IDs, user names and passwords.
  j. All computers that have been used to store, generate, or receive data related to the subject matter of this litigation.

6. Mobile devices, including without limitation:
  a. Any work issued smartphones, cell phones, tablets, iPads.
  b. Any personal smartphones, cell phones, tablets, iPads or other devices used to access work emails or documents.
  c. Operating systems of mobile devices, e.g. Apple, Android, Windows, Blackberry, other.
  d. Any backup of mobile devices.
    i. Location of backup, e.g. iCloud, computer, etc.
    ii. Any software used to backup mobile device.
  e. Text messaging.
  f. Social media messaging, such as kik, Skype, WhatsApp, etc.
  g. Login IDs, user names, and passwords.

      h. Any encryption of mobile devices.
- i. The programs used.
- ii. Decryption keys.

7. Lawson's external data storage, including without limitation:
   a. Any back up methods to store data, such as zip drives, backup tapes, CDs, DVDs, external hard drives, or any other type of media.
      - i. Where any such media is located.
   b. Any information stored on external hard drives, flash drives, thumb drives, or any other type of media.
      - i. Where any such media is located.

8. Network and Server Data, including without limitation:
   a. The brand and version number of the network operating system currently or previously in use, including any dates of upgrades since January 1, 2015.
   b. Quantity and configuration of all network servers and workstations.
      - i. Any network drives to which all employees have access.
      - ii. Any network drives (personal folders) to which only specific employees have access.
   c. The types of data stored on the network drives, e.g. email, documents, etc.
   d. The type, brand name and version number of all applications and other software residing on each network in use, including but not limited to electronic mail and applications and where they are stored.
   e. Any use of Sharepoint.
   f. Person(s) (past and present) responsible for ongoing operations maintenance, expansion, archiving and upkeep of network.

9. Any cloud data storage, including without limitation: Dropbox, Carbonite, Windows Azure, Amazon S3, HP Public Cloud, Rackspace Cloud Files, Sugar Sync, iCloud, Google DOCS, Zoho or other cloud type to store documents or backups.

10. The software and computer network applications used by Lawson.
    a. The types of applications used by Lawson, e.g. financial, database, planning, document management, etc.
    b. Identification of the specific applications used by Lawson.
    c. The brand and version of all software, including operating system, private and custom-developed applications, commercial applications and shareware for each computer identified.

11. Databases, including without limitation:
    a. Identification of any databases used by Lawson.
    b. The type of the databases, e.g. proprietary, SQL, etc.
    c. The type of data stored in the databases.
12. Chat and Internet Messaging, including without limitation:
    a. Any use of any chat or internet messaging applications, Facebook, Yahoo Messenger, Skype, AOL Messenger, MSN, Pidgen, iChat, Trillian, etc.
13. Lawson's data backups and backup systems (e.g. any tapes, hard drives, servers, and email systems, etc.), including without limitation:
    a. Any data backups performed on all computer systems currently or previously in use.
    b. All procedures and devices used to back up the software and the data, including but not limited to name(s) of backup software used, the frequency of backup processes, and type of backup drives, including name and version number, type of media (i.e. DLT, 4 mm, 8 mm, AIT).
    c. Identification of all data backups, types, number of tapes, capacity and total amount of information stored on each tape.
    d. Tape or backup rotation.
    e. How backup data is maintained and whether backups are full or incremental.
    f. Location where backup media is stored off-site or on-site.
    g. The process for archiving and retrieving media.
    h. The individual(s) who conduct the backup(s) and/or supervise the process.
    i. Since January 1, 2015, identification of all backup sets, current location, custodian, date of backup, description of backup content and a full inventory of the archives.
    j. Timing for backups, including any extra-routine backups.
    k. Identification of any tapes that have been re-initialized or overwritten since commencement of this action and the date of such occurrence.
14. Any website hosted by Lawson.
    a. Collecting data from any such website.
15. Social Networking, including without limitation any use of Facebook, Twitter, LinkedIn, Google+, or other social networking site.
16. Lawson's document/data retention policy, including without limitation:

    a. Identification of documents or classes of documents that were subject to scheduled destruction.

    b. The date, if any, of the suspension of this policy *in toto* or any aspect of said policy in response to this litigation.

    c. A description by topic, creation date, user or bytes of any and all data that has been deleted or in any way destroyed after the commencement of this litigation, and whether the deletion or destruction of any data pursuant to the data retention policy occurred through automation or by user action.

    d. Whether any company-wide instruction regarding the suspension of the data retention/destruction policy occurred after or related to the commencement of this litigation.

        i. The individual(s) responsible for enforcing any suspension.

17. Any wiping, defragmenting or compression of any server, workstation, laptop, home PC or hard drive or other media:

    a. The date on which each drive was wiped, reformatted or defragemented.

    b. The method or program used (e.g. WipeDisk, WipeFile, BurnIt, Data Eraser, etc.)

18. Lawson's system reports.

19. Disaster recovery procedures.

20. Lawson's point of sale or ERP system.

21. Alternative sources for electronic information.

22. A description of the types of documents, and the location where all documents/records are stored regarding or relating to Lawson's business or relationship with Shenzhen Liaoji Trade Co., Ltd.

23. The location where the following documents are stored in hard copy or electronic format:

    a. Export Control Documents as defined by the Export Administration Regulations (EAR) Part 772.

    b. Copy of Electronic Export Information (EEI) filed with the U.S. Customs and Border Protection (CBP).

    c. Dock Receipt or Bill of Lading issued by any carrier in connection with export.

    d. All documents kept in accordance with EAR Part 762, including without limitation memoranda, notes, correspondence, contracts, invitations to bid, books of accounts, financial records, restrictive trade practice or boycott documents and reports; Other records pertaining to the types of transactions described in §762.1(a) of this part, which are made or obtained by a person described in §762.1(b) of this part.

  e. Notification from Bureau of Industry and Security (BIS)(of the U.S. Department of Commerce) of an application being returned without action; notification by BIS of an application being denied; notification by BIS of the results of a commodity classification or encryption review request conducted by BIS.

  f. Report numbers AES-201, AES-202, and AES-203 for the period of January 1, 2015 to the present.

  g. All records kept in accordance with EAR Part 758.

24. Description of the types, content, the date range, the creators, custodians and organizational structure for the hard copy documents kept in off-site storage. The process for determining which documents will be sent to off-site storage.

25. Description of the types, content, the date range, the creators, custodians and organizational structure for the hard copy documents kept on-site. The process for determining which documents will be kept on-site.

26. Creation of all documents in the Rule 11 motion and how the documents were produced for submission in this action.

Dated: July 17, 2018

               Respectfully submitted,

               **JONATHAN C. SCOTT, P.C.**

               By: /s/ *Jonathan C. Scott*

               Jonathan C. Scott

               1920 McKinney Avenue, 7th Floor
               Dallas, Texas 75201
               (214) 999-2901

               *Attorneys for Plaintiff*
               *Vista Food Exchange, Inc.*

To:
Michael B. Smith, Esq.
Lupkin PLLC
80 Broad St., Suite 1301
New York, New York 10004

*Attorneys for Defendant,*
Lawson Foods

## Certificate of Electronic Service

The undersigned counsel hereby certifies that the attached notice of deposition was served by electronic mail upon counsel for Defendant Lawson Foods, LLC on July 17, 2018 at the email address(es) identified by counsel for that purpose.


*/s/ Christina M. Lucio*

Christina M. Lucio