USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/18/2019

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

**VISTA FOOD EXCHANGE, INC.,**

                     **Plaintiff,**

      -against-

**LAWSON FOODS, LLC,**

                     **Defendant.**
-----------------------------------------------------------------X

17-CV-07454 (ALC)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

Vista Food Exchange, Inc. ("Plaintiff" or "Vista Food") moves to compel Lawson Foods, LLC ("Defendant" or "Lawson") to produce certain documents, order certain non-parties to show cause why they should not be held in contempt, and direct that Lawson comply with Federal Rule of Civil Procedure 34(b)(2)(E)(i). The parties' familiarity with the issues in dispute is presumed. The motion is GRANTED in part and DENIED in part.

## LEGAL STANDARDS

Under Rule 26 of the Federal Rules of Civil procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A party may serve on any other party a request to produce documents within the scope of Rule 26. Id. at 34(a). The responding party must produce documents sought in each request or state an objection to the request, including the reasons. Pegoraro v. Marrero, 281 F.R.D. 122, 132 (S.D.N.Y. 2012) (citing Fed R. Civ. P. 34(b)(2)). If the responding party fails to produce documents, the party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37(a)(3)(B).

If the responding party denies that it has possession, custody, or control of relevant documents, the discovering party must make an adequate showing to overcome this assertion. In re Reserve Fund Sec. & Derivitive Litig., No. 09-MDL-2011 (PGG), 2012 WL 12354219, at *5 (S.D.N.Y. Sept. 10, 2012) (internal citations omitted); Menard v. Chrysler Grp. LLC, No. 14-CV-6325 (VB), 2015 WL 5472724, at *3 (S.D.N.Y. July 2, 2015) ("A party's good-faith averment that the items sought simply do not exist . . . should resolve the issue of failure of production."). In these cases, the discovering party must "cite to specific evidence to challenge [the nonmovant's] assertions that no additional responsive documents exist." Mason Tenders Dist. Council of Greater New York v. Phase Constr. Servs., Inc., 318 F.R.D. 28, 42 (S.D.N.Y. 2016).

**DISCUSSION**

Vista Food seeks the production of all documents related to Lawson's pork exports to the People's Republic of China (the "PRC") during the period January 1, 2015, to the present. Vista Food reports that during this period Lawson exported approximately $24 million worth of pork to customers in the PRC. Vista Food represents that multiple federal agencies that regulate pork exports require an exporter such as Lawson to retain several types of documents regarding the sale of pork products to the PRC, and that it is not credible that Lawson does not possess these documents, especially given its volume of sales. Lawson contends that it has produced what it has retained, but that its practice is not to retain such documents (notwithstanding the apparent obligation to do so).

The Court finds that Lawson's production has been inadequate and that it has failed to produce the documents that it should have maintained under both the regulatory schemes that govern its exporting business and its obligations to preserve documents once it is aware of the

possibility of litigation over the subject matter. Accordingly, Lawson is ORDERED to produce all records that reflect its purchase and exporting of Smithfield-Vista Food pork products to the PRC from January 1, 2015, to the present. Lawson contends that such order is unnecessary because it has already produced what it possesses or controls. Because the Court does not credit this statement or concludes that the failure to retain responsive documents is a violation of its obligations, if Lawson fails to comply with this order, Vista Food is entitled to an adverse inference at trial regarding Lawson's failure to maintain its records.

Vista Food further seeks the same documents from FC Gerlach and Company, COSCO and Fortress Foods. FC Gerlach is Lawson's freight forwarder. COSCO (a/k/a China Ocean Shipping Company) is Lawson's shipping line. Fortress Foods is, allegedly, Lawson's customer and has purchased Vista Food pork products from Lawson, and then exported that product itself to the PRC. Lawson contends that these three entities are independent of Lawson and therefore it has no obligation to obtain documents from them to respond to Vista Food's discovery demands; notwithstanding that position, Lawson did seek documents from these entitles and produced them to Vista Food.

On the record before the Court, I find that FC Gerlach and COSCO are independent entities, and that Lawson is not in violation of its discovery obligations to the extent it has failed to obtain documents from FC Gerlach and COSCO in response to Vista Food's demands. Vista Food could have issued a subpoena on these entities during the discovery period, which has now closed.

With respect to Fortress Foods, however, the record suggests it may have been a shell entity for purposes of concealing Lawson's ongoing pork exporting business from Vista Food. For example, Simon Law testified that he instructed FC Gerlach and COSCO as to whether

Fortress Foods or Lawson should be listed as the exporter, and at times directed that Fortress Foods be listed as the exporter for some of the Smithfield-Vista Food pork products despite Fortress Foods having no apparent legitimate relationship to the purchase or sale of the product. Some of Fortress Foods documents contain Simon Law's email or Lawson's telephone number. Even Law described Fortress Foods as a "captive intermediary," though it is not entirely clear what that means.

Despite the Court's firm belief that Fortress Foods is Lawson, Lawson takes "no position" on whether the Court should order Fortress Foods and its managing member Hong Lin to show cause why they should not be held in contempt for failing to comply with a subpoena. Accordingly, Vista Food's application is GRANTED, and Hong Lin and Fortress Foods are ORDERED to SHOW CAUSE why the Court should not find Hong Lin and Fortress Foods in contempt for failure to comply with a subpoena. Simon Law is also ORDERED to appear at this hearing for further testimony regarding his relationship with Fortress Foods. The Court, however, DENIES without prejudice Vista Food's request to order Simon Law's wife Ada Law to show cause for failing to comply with a subpoena served upon her. On this record, the Court is satisfied that Mrs. Law is a pawn in this dispute, and that her testimony, at this time, is not critical.

Finally, Vista Food reasonably complains about Lawson's January 15, 2019 production. It is undisputed that that production contains 2,542 pages of non-searchable documents that do not appear to be organized in any meaningful way. 95% of the documents (roughly 2,419 pages) are apparently documents from Vista Food.[1] The Court finds that Lawson's production does not

---

[1] Law does not explain why he retained 2,400 documents reflecting Lawson's purchase of pork products from Vista Food but does not retain documents reflecting his resale of the same products. This discrepancy further supports the Court's finding that Lawson has failed to comply with its discovery obligations.

satisfy the Federal Rules of Civil Procedure or conform to modern day discovery practices. But given the inadequacy of the production on the whole, there is no value—other than punitive—to ordering Lawson to reorganize its production. Accordingly, Vista Food's request that the Court order Lawson to re-produce its discovery responses is DENIED as futile.

## CONCLUSION

The Court will conduct an evidentiary hearing on May 14, 2019, at 10:30 a.m. in Courtroom 219, Thurgood Marshall Courthouse, 40 Foley Square. The purpose of this hearing will be to determine whether Hong Lin and Fortress Foods should be held in contempt for failing to comply with a subpoena. The Court will also hear testimony from Simon Law regarding the relationship between Fortress Foods and Lawson to determine whether any contempt finding should also be entered against Lawson, Simon Law or both.

With the discovery period having closed, the parties are further ORDERED to meet and confer regarding the next steps in this litigation, namely whether any party intends to file a motion for summary judgment or whether the case should proceed to trial. The parties are further ORDERED to discuss settlement, including whether a settlement conference or referral to the Court's Mediation Program would be productive. A status letter regarding these topics shall be filed with the Court no later than May 1, 2019.

The Clerk of the Court is respectfully requested to terminate the motion at ECF No. 138.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED: April 18, 2019
New York, New York

cc:	Fortress Foods, LLC & Hong Lin *(By Chambers)*
c/o Registered Agent for Service of Process
Legalinc. Corporate Services, Inc.
301 Route 17 North
Suite 800 #12
Rutherford, NJ, 07070