May 1, 2019

**VIA Electronic Mail and ECF Only**

Hon. Sarah Netburn
United States District Court for
the Southern District of New York
40 Foley Square, Room 219
New York, New York 10007

Re:   *Vista Food Exchange, Inc. v. Lawson Foods, LLC*, No. 1:17-cv-07454(ALC)(SN)
      Status Letter Pursuant to Order dated April 18, 2019, D.E. 149.

Dear Judge Netburn,

Pursuant to the Court's Order dated April 18, 2019, D.E. 149, the parties respectfully submit the following status letter. The parties request that the Court enter a new scheduling order:

1. Rescheduling the evidentiary hearing currently set for May 14, 2019 to a new date in June, 2018, because the parties are not available on May 14, 2019 or any other date in May.

2. The parties further respectfully request to have a settlement conference before Your Honor immediately after the evidentiary hearing. The parties agree that Your Honor's efforts in connection with the settlement conference will not be a basis for any request by either party to recuse Your Honor in future proceedings in this action.

3. The parties wish to proceed to a jury trial before Judge Carter. At this point, the parties do not anticipate filing summary judgment motions.[1]

Plaintiff's Position

Vista intends to file an application for leave to file an amended complaint by May 4, 2019 for the limited purpose of requesting restitutionary remedies and damages in the prayer for relief. No other changes to the complaint are anticipated.

With respect to fact discovery, Lawson has never taken party depositions or non-party depositions, even though deadlines for same have been extended and expired. For the first time during a meet and confer between counsel on Thursday April 29, 2019 to discuss the preparation of this status report, counsel for Lawson indicated that Defendant wished to re-open both party and non-party fact discovery and depositions. Vista opposes this request.

As this Court is aware, the discovery process has repeatedly been stalled because of Lawson's misconduct. Vista objects to the reopening of fact discovery by Lawson. There is no good cause shown by Defendant Lawson for such relief. Defendant asked for a thirty day stay of discovery and following the expiration of that stay last year, Lawson took no action to proceed with depositions.

At this time, it is necessary for the case to move forward with expert disclosures and final trial preparation.

---

[1] However, Vista may seek preclusion and other sanctions against Lawson before the final pre-trial conference. Lawson also reserves all rights to oppose such motions.

Vista proposes that it should provide its expert disclosures and report within twenty-one (21) days after Lawson's final production in accordance with the Court's Order, D.E. 149. The creation of the report has unfortunately been delayed by Lawson's lack of discovery compliance to date. Vista proposes that Lawson shall make any rebuttal disclosures within fourteen (14) days after Vista's disclosure. Lawson does not object to the expert disclosure proposal.

Any motion by Vista for discovery sanctions shall be filed prior to the final Pretrial conference.

Defendant's Position

Defendants respectfully request that the discovery period be extended for the limited purpose of conducting the deposition of Vista, as well as, the deposition of Smithfield. Even though the discovery period has technically been closed, Lawson's Motion to Dismiss Vista's Fourth Amended Complaint is still pending and there is uncertainty as to which of Vista's claims, if any, will prevail and be tried. Vista objects to such a request; however, even at this late stage, Vista requests leave to file yet another amended complaint; a Fifth Amended Complaint (!) In addition, Vista wishes to present experts at trial, yet has still not produced its expert disclosures and has not identified any experts.

Given the posture of this litigation, Lawson respectfully seeks to depose Vista and Smithfield immediately following Judge Carter's decision on Lawson's motion to dismiss. This will ensure that the depositions are conducted in the most effective manner as possible, without addressing claims subject to dismissal. If this is impracticable, then Lawson proposes to complete both depositions within the next 60 days. Considering the pending motion to dismiss, and the fact that the trial of this matter has yet to be scheduled, this proposed extension will hardly delay the case.

Lawson also respectfully requests that the court reserve its decision of any adverse inference to be made against Lawson at trial, and any other sanctions to be imposed, until after Lawson is given the opportunity to testify at the evidentiary hearing.

Sincerely,

JONATHAN C. SCOTT, P.C.

*Jonathan C. Scott*

Jonathan C. Scott


PARDALIS & NOHAVICKA, LLP

/s/Ariadne Panagopoulou


Ariadne Panagopoulou