

May 10, 2019

**VIA ECF**
Honorable Andrew L. Carter Jr.
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

                            Re:    *Vista Food Exchange, Inc. v. Lawson Foods, LLC*
                                    Civil Case No.: 1:17-cv-07454-ALC-SN

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S LETTER APPLICATION FOR
LEAVE TO FILE A FIFTH AMENDED COMPLAINT**
_____

Dear Honorable Andrew L. Carter Jr.:

      Our office represents the Defendant in the above-referenced matter. Defendant submits this letter opposing Plaintiff's letter motion for leave to amend its complaint.

      Plaintiff seeks to amend its complaint yet another time; this time to file its sixth pleading in this action. Plaintiff argues that this would be a "limited amendment"; yet a review of the proposed Fifth Amended Complaint indicates that such amendment is anything but limited; Plaintiff wishes to amend its request for relief to include an amount of $15 million in restitutional damages(!)

      Plaintiff argues that this "limited amendment" – i.e. its assertion of additional relief amounting to $15,000,000 – "is not prejudicial to Lawson". This is simply untrue. Fact discovery on this matter "has closed and will not be reopened," according to Judge Netburn's Order dated May 6, 2019. By allowing Plaintiff to assert such relief at this late stage of the litigation, after the close of fact discovery, Defendant will be gravely prejudiced since it will be unable to conduct any discovery with respect to the relief requested.

      In addition, Plaintiff's Fifth Amended Complaint will likely render Lawson's motion to dismiss moot, causing Lawson to spend additional time and resources should it chose to renew its motion.

Plaintiff concedes that the deadline to amend the pleadings was over a year ago, on May 1, 2018. Yet Plaintiff avers that "[t]here is good cause for the amendment at this juncture."

Plaintiff attempts to justify its "good cause" for failing to timely amend its pleadings as follows: (1) Lawson's submission of "false declarations," (2) Lawson's prior counsel's withdrawal; (3) Lawson's request for a discovery stay, (4) Lawson's "phony factual denials", and (5) Lawson's failure to comply with its discovery obligations.

Plaintiff merely rambles on about Defendant's alleged inappropriate actions in this lawsuit, however, completely fails to explain *how* such actions impeded Plaintiff's ability to amend its complaint in a timely manner. For example, the "false declaration" that Vista's Counsel is presumably referring to is a declaration submitted by Lawson on July 10, 2018, which was subsequently corrected on August 28, 2018. However, Vista was granted leave to file a Fourth Amended Complaint, which it filed on November 12, 2018, more than two months after.

As far as the discovery issues are concerned, Vista fails to show how the delay or inability to receive certain discovery has impacted its opportunity to amend its complaint to assert its "limited amendment" of a $15,000,000 relief. Vista certainly points to no document produced in discovery (and certainly no document produced since its Fourth Amended Complaint), or lack thereof, which suddenly necessitated such amendment. Moreover, the discovery disputes between the parties that were the subject matter of Judge Netburn's recent order have been ongoing for several months, and certainly prior to Vista's last amendment to its pleading.

Finally, the "phony factual denials" is another red-herring Vista just throws in to the mix in its attempt to inflame this court; yet no determination has been made by this court that Lawson has made any "phony factual denials".

There is simply no good cause for allowing Vista to amend its complaint at this late stage and Vista has shown none. The relief requested could have been included in the Fourth Amended Complaint, but it was not. The Second Circuit has made clear that a motion to amend a pleading should be denied, where a party, *inter alia*, "repeated[ly] fail[ed] to cure deficiencies by amendments previously allowed". *Dluhos v. Floating and Abandoned Vessel Known as "New York,"* 162 F.3d 63, 69 (2d Cir.1998). Because the proposed amendment "rests on information that [Vista] knew, or should have known, in advance", Vista has failed to show good cause for its proposed amendment. *Levy v. Young Adult Inst., Inc.*, No. 13 Civ. 2861 (JPO) (SN), 2014 WL 6611454, at *3 (S.D.N.Y. Nov. 21, 2014)

Vista's only argument in favor of such late amendment, implicit from its entire submission, is that Vista is justified in amending its complaint to punish Lawson for its alleged improper behavior, including its inadequate document production. Yet, Judge Netburn, who has been delegated with the authority to adjudicate the parties' discovery disputes, has arranged a hearing to address Vista's concerns about discovery. To the extent Judge Netburn finds that Lawson has failed to comply with its discovery obligations, Judge Netburn has indicated that she

will impose appropriate sanctions to Lawson by making an adverse inference at trial and/or by holding Lawson in contempt. *See* Judge Netburn's Order dated April 18, 2019.

Vista's rehashing of these issues with Your Honor is completely inappropriate and unnecessary for the purposes of the instant motion.

In conclusion, Vista has failed to show good cause as to why this court should allow it to amend its complaint at this late stage of the litigation. For the foregoing reasons, Defendant's motion to amend its Complaint should be denied with prejudice.

Respectfully submitted,

**PARDALIS & NOHAVICKA, LLP**

__/s/Ariadne Panagopoulou_____
Ariadne Panagopoulou, Esq.
*Counsel for Defendant*