LAW OFFICES
# JONATHAN C. SCOTT, P.C.
BUSINESS LAW, LITIGATION AND SUCCESSION PLANNING

1920 McKinney Ave.
7th Floor
Dallas, Texas 75201

DIRECT DIAL: (214) 999-2901
DIRECT FAX: (214) 999-2951
jcscott@jonathancscottpc.com

May 7, 2019

**VIA ECF and Electronic Mail Only**

Hon. Andrew L. Carter, Jr.
United States District Court for
the Southern District of New York
40 Foley Square, Room 435
New York, NY 10007
ALCarterNYSDChambers@nysd.uscourts.gov

Re: *Vista Food Exchange Inc. v. Lawson Foods, LLC*, No. 1:17-cv-07454
**Plaintiff's Letter Application for Leave to File Amended Complaint**

Dear Judge Carter,

Vista Food Exchange, Inc. ("Vista") respectfully requests that the Court, for good cause shown, grant Vista leave to file an amended complaint for the sole purpose of adding a request for restitutionary remedies (like disgorgement) and damages in the prayer for relief. This would be Vista's fifth amended complaint. Vista is not amending any factual allegations.

Per the Court's Civil Case Management Plan & Scheduling Order, the deadline to amend the pleadings was set as May 1, 2018. (D.E. 33). Vista's amendment was delayed by Lawson's phony factual denials, and repeated failures to comply with its discovery obligations. In fact, Judge Netburn recently found that Lawson's document production was "wholly inadequate" and rejected Lawson's claim that Lawson did not have relevant records that it was required by law to retain. (See D.E. 149, Order re Vista's Motion to Compel). This failure to comply with discovery (as well as fighting Vista on party depositions) has unavoidably delayed the amendment. Vista also respectfully submits that the process has been delayed by Lawson's submission of false declarations, the subsequent withdrawal of Lawson's prior counsel and request for a stay. There is good cause for the amendment at this juncture.

Federal Rule of Civil Procedure, Rule 15 sets out a liberal standard, instructing that leave to amend should be freely granted. The Rule itself states, "The court should freely grant leave when justice so requires" before trial. F.R.C.P. 15(a)(2). Leave may be granted at any time. "After trial, '[t]he court should freely permit an amendment [based on an objection made during trial] when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits.'" *Schatzki v. Weiser Capital Mgmt., LLC*, 10 Civ. 4685 (RWS), at *2 (S.D.N.Y. Oct. 15, 2015) (citing F.R.C.P. 15(b)(1)). Federal Rule of Civil Procedure Rule 16 requires that the plaintiff show good cause for an amendment beyond the date set by the Court's scheduling order. *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009).

Page 2
Judge Carter

Here, there is good cause for the amendment to the prayer for relief to ensure that justice is done and that Vista may be awarded all relief to which it is entitled under the law based upon the facts and circumstances set forth in the pleading. Indeed, such an amendment is consistent with the mandate of Rule 1 of the Federal Rules of Civil Procedure which provides that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Moreover, there is no prejudice to defendant as a consequence of this limited amendment, because the factual allegations remain the same. Such amendments to the prayer for relief are routinely granted. *See, Brennan v. New York Law School,* 10 Civ. 0338 (DLC), at *3 (S.D.N.Y. Jul. 11, 2011) [granting leave to file amendment to seek emotional distress damages, and noting "whether or not the plaintiff had made this motion to amend, she would have been permitted at trial to seek emotional distress damages."]. The remedy of "restitution, [in contrast to damages], concentrates on the defendant — preventing unjust enrichment, disgorging wrongfully held gains, and restoring them to the plaintiff." *U.S. ex Rel. Taylor v. Gabelli,* 03 Civ. 8762 (PAC), at *7-8 (S.D.N.Y. Nov. 3, 2005). The proposed amendment focusing on Defendant's wrongdoing is not prejudicial to Lawson.

Accordingly, Vista respectfully requests that the Court grant leave to file a fifth amended complaint to add the restitutionary remedies and damages to the prayer for relief. A redlined copy of the proposed complaint is attached hereto as Exhibit A. A clean copy of the proposed complaint is attached hereto as Exhibit B.

It is anticipated that Lawson will oppose this application.

Respectfully Submitted,

JONATHAN C. SCOTT, P.C.

*Jonathan C. Scott*
Jonathan C. Scott

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

10-5-19