

# PARDALIS & NOHAVICKA, LLP
## ATTORNEYS

July 31, 2019

**VIA ECF**

Honorable Sarah Netburn  
United States Magistrate Judge  
United States District Court  
Southern District of New York  
Thurgood Marshall Courthouse  
40 Foley Square  
New York, NY 10007

**LAWSON FOODS' POST-HEARING LETTER MEMORANDUM**

Re: *Vista Food Exchange, Inc. v. Lawson Foods, LLC*  
Civil Case No: 1:17-cv-07454-ALC-SN

Dear Honorable Sarah Netburn:

I am the attorney for Lawson Foods, LLC ("Lawson Foods"), defendant in the above-referenced action. I submit this Letter Memorandum, pursuant to Your Honor's directive, to address the testimony and evidence adduced at the hearing on sanctions, concluded on July 16, 2019.

## FRAMED ISSUE

WHETHER SIMON LAW, THE PRINCIPAL OF LAWSON FOODS, SHOULD BE SANCTIONED FOR:

(1) THE FAILURE OF FORTRESS FOODS TO RESPOND TO AND COMPLY WITH PLAINTIFF'S SUBPOENA, DATED OCTOBER 15, 2018; AND,

(2) THE FAILURE OF FORTRESS FOODS TO RESPOND TO AND COMPLY WITH THE SUBSEQUENT ORDER DIRECTING FORTRESS FOODS TO APPEAR FOR AN EVIDENTIARY HEARING ON JULY 16, 2019.

## SUMMARY OF LAWSON FOODS' ARGUMENT

Plaintiff has failed to establish with evidence in admissible form that Lawson Foods and non-party Fortress constitute an integrated enterprise or that Simon Law had any interest or control over Fortress that would obligate Simon Law to respond on behalf of Fortress to judicial processes in this action.

*Vista Food Exchange, Inc. v. Lawson Foods, LLC*
Civil Case No:       1:17-cv-07454-ALC-SN
July 31, 2019
Page 2
--------------------------------------------------------------

Defendant's position is supported by Simon Law's testimony that evinced a limited and defined relationship to Fortress. Plaintiff has: (i) failed to satisfy the integrated enterprises test; and (ii) not shown integration of Fortress and the Defendant or Simon Law via any prior relationship between the parties. Therefore, as it has not been proven that Lawson Foods is integrated, comingled, or the same entity as Fortress, Simon Law and Lawson Foods should not be penalized for the failure of Fortress to comply with Plaintiff's subpoena.

## PLAINTIFF'S BURDEN OF PROOF ON A CIVIL CONTEMPT HEARING

"[T]he party seeking to hold another in civil contempt bears the burden of proof to establish the offense by clear and convincing evidence." *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002) (internal quotations and citations omitted). "In the context of civil contempt, the clear and convincing standard requires a quantum of proof adequate to demonstrate a 'reasonable certainty' that a violation occurred." *Id.* (internal citations omitted). To obtain an order holding another party in contempt, the moving party "must satisfy three elements: (1) the order violated is clear and unambiguous, (2) the proof of non-compliance is clear and convincing, and (3) the contemnor was not reasonably diligent in attempting to comply." *U.S. v. District Council of New York City*, 2007 WL 2697135,6 (S.D.N.Y. 2007) (citing *EEOC v. Local 638*, 81 F.3d 1162, 1171 (2d Cir. 1996).

## TESTIMONY

On direct examination, Simon Law testified that he was not aware of Fortress's intention to appear at the hearing. He also testified that he was unaware of their whereabouts. The only contact information that Simon Law had with respect to Fortress and their principal was an international phone number to contact Fortress, which was provided to Plaintiff. Simon law testified several times that Fortress was a customer of Lawson Foods. The Court asked Simon Law whether Lawson subleased commercial space to Fortress. Simon responded that he did, but Fortress agreed to pay all expenses on this premises.

PLAINTIFF SHOWS SIMON THE 8/28/18 DECLARATION

Plaintiff attempted to provide Simon Law with a semantic sting with respect to terminology used by Simon's prior counsel; *i.e.*, "CAPTIVE INTERMEDIARY." Plaintiff's counsel asked Simon whether the document stated that Fortress, was a captive intermediary. Simon responded that it did with the understanding that "CAPTIVE INTERMEDIARY" meant "middleman" or "customer."

*Vista Food Exchange, Inc. v. Lawson Foods, LLC*
Civil Case No:     1:17-cv-07454-ALC-SN
July 31, 2019
Page 3

-----------------------------------------------------------

# ARGUMENT

<u>Plaintiff has Failed to Satisfy the Integrated Enterprises Test</u>.

Curiously, Plaintiff, in support of their position that Simon Law should be held individually responsible for Fortress's malfeasance, cites to *Bonanni v. Straight Arrow Publishers, Inc.*, 133 A.D. 2d 585, 587 (1st Dept. 1987)(As a corporate officer acting within the scope of his duties, individual could not be held personally liable for inducing the corporation to terminate its agreement with respondent). In addition to the fact that the Appellate Division's decision in that case is not binding on this Court, it is completely inapposite. In fact, *Bonnani* rejected plaintiff's theory of alter ego liability and dismissed the case.

The single integrated enterprise theory holds multiple legally distinct entities liable as a single employer when the entities are a single integrated enterprise, as in the case of "parent and wholly-owned subsidiary corporations, or separate corporations under common ownership and management." *Arculeo v. On-Site Sales & Mktg.*, LLC, 425 F.3d 193, 198 (2d Cir. 2005). Whether a group of entities qualifies as a single integrated enterprise turns on four-factors: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 226 (2d Cir. 2014) (quotation marks omitted).

The first prong of the test, operational interrelation, can usually be satisfied by showing that entities share employees, corporate files, and business headquarters. Additionally, one entity exercises control over operations of the other. In the case of Fortress Foods and Lawson, this has not been exemplified. At no point throughout their relationship did Lawson and Fortress share personnel, corporate files, a common place of maintenance for corporate files, or a common budget, a common place of business, and no one entity exercised any budgeting or other authority over the other. As stated by Simon Law during the July 16th hearing, Fortress Foods was a customer of Lawson; as such, the only information shared between Fortress and Lawson pertained to the entities' business together, and no information regarding corporate operations, personnel, or other internal information of Lawson and Fortress was shared between the entities.

Part of this prong, though, grants discretion to allow the existence of shared business headquarters as satisfying operational interrelation. On this subject, Lawson Foods effectuated a lease for a portion of the premises at 22 Camptown Road, Irvington, New Jersey for Fortress to use as an office, and that this premises is also used and leased- occasionally- by Simon Law. However, the space used by Fortress at this address was not adjoined to or shared with the primary business address of Lawson Foods. The offices of Lawson and Fortress were kept and maintained separately at all times, because they were in fact separate businesses.

*Vista Food Exchange, Inc. v. Lawson Foods, LLC*
Civil Case No:        1:17-cv-07454-ALC-SN
July 31, 2019
Page 4
-----------------------------------------------------------------

The second prong of the integrated enterprises test requires that entities under scrutiny have centralized control of labor relations, usually effectuated through the entities' sharing of employment practices and standards. In the present case, no such relationship between Fortress and Lawson has been shown. As wholly separate entities, Fortress and Lawson have never shared employees, employment practices or conduct standards, insurance or other benefits, or any income tax filings. Therefore, this prong of the integrated enterprise test remains unproven.

Considering the facts of the immediate issue, the third and fourth prongs of this test can be consolidated into a single element that must be satisfied: common management, and common ownership or financial control. Simon Law has never been a member of or held interest in Fortress Foods, nor has Mr. Lin ever been a member of or held interest in Lawson. Further, Simon Law was never employed by Fortress Foods in any capacity; in parallel, Mr. Lin was never employed by Lawson. Simon Law never acted on behalf of Fortress Foods, and all relevant activities between Lawson and Fortress fall within the entities' business-customer relationship.

Despite assisting Mr. Lin with the preparation of export documentation for products being shipped by Fortress Foods to the Peoples' Republic of China (PRC), this assistance does not show that Mr. Law acted on behalf of Fortress Foods. As Mr. Lin's command of the English language is not advanced, Simon Law assisted with such documents in light of his and Mr. Lin's pre-existing interpersonal relationship.

Assisting an acquaintance in completing and understanding forms does not reasonably lead to the conclusion that the individual assisting and the individual being assisted are the same person or related; simply because one helps an elderly person accomplish a task does not connect them to that person in the same way as a relative. This is the case with Fortress Foods and Simon Law.

To satisfy this element, the entities in question need not be shown to be owned by one-another or have a common owner; rather, this element may be satisfied by showing an ancillary relationship alongside operational interrelation between the two entities. Although an ancillary relationship may be argued in the case of Fortress and Lawson–as one entity conducted exports to the PRC following the other's notification of surveillance on its exports to the country, this was not the relationship between the two. Fortress Foods was not a complementary organization for the specific purpose of exporting goods to the PRC; Fortress was only ever a customer of the Defendant. As a customer and separate entity from Lawson, Lawson and Simon Law do not know the full scope of business conducted by Fortress, and therefore have no way of knowing the extent and entire nature and purpose of Fortress Foods.

Additionally, the two entities have not been shown as having interrelation between their operations, with the exception being the known place of address for Fortress Foods, barring satisfaction of this prong via existence of an ancillary relationship between the parties.

*Vista Food Exchange, Inc. v. Lawson Foods, LLC*
Civil Case No:       1:17-cv-07454-ALC-SN
July 31, 2019
Page 5

--------------------------------------------------------------

The relationship between Lawson and Fortress was solely that of a business and its customer. Any alluded-to shared nexus between the day-to-day operations of these entities has not been substantially established to integrate the two. As the parties are not integrated, neither Lawson Foods nor Simon Law can be penalized for the actions of Fortress Foods–a wholly separate entity.

## CONCLUSION

Defendant's Prior & Extra-Business Relationship with Fortress Foods or Affiliated Agents does not Integrate it or its Members with Fortress.

As stated above, Lawson and Fortress have only exhibited a business-to-customer relationship. As also stated above, at no point did Lawson share personnel or share any control of personnel, share any management, officers, or principle place of business with Fortress Foods, nor have the two entities had control or financial management of their business and operations comingled with the other's. Correspondingly, Simon Law has never held a position in Fortress Foods. In addition to showing that Simon Law and Mr. Lin know each other, Plaintiff has shown that the relationship between Simon Law and Mr. Lin extended only so far as discussing Lawson's business with Plaintiff and Smithfield. However, the context of these discussions between Simon Law and Mr. Lin cannot be viewed as having occurred in the context of any extra-business relationship—as Plaintiff tries to depict; actually, these conversations between Simon Law and Mr. Lin occurred in the express context of Fortress and Lawson's business, thus falling within their business-customer relationship. This has not been contested by Simon Law at any point during this litigation, and has even been expounded upon in numerous instances. Simon Law testified that he was unaware of whether or not Mr. Lin, or any other agents of Fortress who may exist, even had knowledge of Plaintiff's subpoena.

For the reasons stated herein and throughout the record of this case, penalizing Simon Law for Fortress or Mr. Lin's failure to comply with a subpoena would be unfair. Because Plaintiff has not met its evidentiary burden herein, the framed issue should be answered in the NEGATIVE, and the within sanctions hearing should be DISMISSED.

Respectfully submitted,

PARDALIS & NOHAVICKA, LLP
By:
JOSEPH D. NOHAVICKA

35-10 Broadway, Suite 201, Astoria, NY 11106 | P: 718.777.0400 | F: 718.777.0599
contact@pnlawyers.com | www.pnlawyers.com