**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

**VISTA FOOD EXCHANGE, INC.,**

                            **Plaintiff,**

              **-against-**

**LAWSON FOODS, LLC,**

                            **Defendant.**
-----------------------------------------------------------------X

**17-CV-07454 (ALC)(SN)**

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

      On November 1, 2019, the Court entered an order finding Lawson Foods ("Lawson"), LLC, Fortress Foods ("Fortress"), and Simon Law in contempt and imposing a fine of $100 per day, starting on October 15, 2018. ECF No. 172. The Court further indicated that Defendant could move to set the contempt finding aside if it complied with the Court's prior orders and a subpoena served upon Fortress. Id. Defendant filed an interlocutory appeal of that order, ECF No. 175, and now requests that it be stayed pending resolution of the appeal. ECF No. 176. Plaintiff opposes Defendant's motion. ECF No. 182. For the foregoing reasons, Defendant's motion for a stay pending appeal is DENIED.

      To determine whether a stay should be granted pending appeal, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Barretta v. Wells Fargo Bank, N.A., 693 F. App'x 26, 27 (2d Cir. 2017) (citing In re World Trade Ctr. Disaster Site Litig., 503 F.3d 167, 170 (2d Cir. 2007)). A stay

pending appeal is "extraordinary relief." In re Pine Lake Vill. Apartment Co., 21 B.R. 395, 398 (S.D.N.Y. 1982).

Defendant's motion does not meet the "heavy burden" to justify a stay in this case. See In re DJK Residential, LLC, No. 08-CIV-10375 (JMP), 2008 WL 650389, at *2 (S.D.N.Y. Mar. 7, 2008). First, Defendant has not made a strong showing that it is likely to prevail on the merits on appeal. Defendant's primary argument is that Plaintiff did not satisfy a rigid "integrated enterprises test" needed to justify a finding of alter ego liability. Def.'s Br. 8. Regardless of whether Lawson and Fortress shared employees, headquarters, or ownership, the key inquiry is whether one entity "completely dominated" the other. See Masefield AG v. Colonial Oil Indus., No. 05-CIV-2231 (PKL), 2005 WL 2105542 at *5 (S.D.N.Y. Sept. 1, 2005). As noted in Plaintiff's brief, alter ego theory is meant to be "flexible" to enable courts to "weigh the circumstances of the individual case." Ret. Plan of UNITE HERE Nat'l. Ret. Fund v. Kombassan Holding A.S., 629 F.3d 282, 288 (2d Cir. 2010). Setting aside the formal elements that would establish joint employer status in another context, Defendants have not demonstrated that they are likely to prove that Lawson did not functionally control Fortress. Moreover, the underlying facts on appeal are reviewed for clear error, a highly deferential standard. See U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc., 789 F.3d 29, 33 (2d Cir. 2015).

Second, Defendant has not established that it will be irreparably harmed absent a stay. Defendant argues that the Court's order "creates an indefinite sanction that cannot be rectified." Def.'s Br. 8. Defendant's assertion that its relationship with Fortress has "deteriorat[ed]", Id. at 6, does not absolve Defendant of its obligation to comply with the Court's orders. To the extent the harm to Defendants is purely pecuniary, it is not irreparable. See In re BGI, Inc., 504 B.R.

754, 762 (S.D.N.Y. 2014) ("Injuries fully remedied by monetary damages do not constitute irreparable harm.") (internal quotation marks and citations omitted).

As for the third factor, Plaintiff would not be substantially injured if the order were stayed, nor does it argue that it would be. This is the only factor that weighs somewhat in favor of a stay. Finally, Defendant concedes that there is no public interest in the stay and Plaintiff does not address this factor in its submission. If anything, though, the public interest weighs against a stay "because there is a public interest in finality." Barretta, 693 F. App'x at 28.

While the third factor may tip subtly in favor of a stay, it is outweighed by the others, including the first two factors which are "the most critical." Meyer v. Kalanick, 203 F. Supp. 3d 393, 395 (S.D.N.Y. 2016). Accordingly, Defendant has not met its burden of demonstrating that it is entitled to a stay of the Court's order pending appeal.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED: December 3, 2019
           New York, New York