UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  12/15/2020
```

-------------------------------------------------------------x
VISTA FOOD EXCHANGE, INC.,
                           **Plaintiff,**

      v.                                        1:17-cv-07454-ALC-SN
                                          **ORDER**

LAWSON FOODS, LLC,

                         **Defendant.**

-------------------------------------------------------------: x

**ANDREW L. CARTER, JR., District Judge:**

    On December 8, 2020, Defendant filed a motion asking the Court to reconsider its November 30, 2020 Opinion and Order adopting a Report and Recommendation. ECF No. 202. For the reasons that follow, the Motion for Reconsideration is DENIED.

    The Court assumes the reader's familiarity with the facts of this case, as set forth in its November 30, 2020 Opinion and Order. ECF No. 201. In short, on November 1, 2019, a Contempt Order was issued against Defendant Lawson Foods, LLC ("Lawson"), Simon Law, managing member of Lawson, and non-party Fortress Foods LLC ("Fortress"). ECF No. 172. Fortress failed to respond to a subpoena, and, upon an evidentiary hearing, Law and Lawson were held responsible as alter egos or in light of their control of Fortress. A fine was also imposed for each additional day Fortress did not answer the subpoena, for which Law and Lawson were held jointly and severally liable.

    When Defendant failed to comply with the Contempt Order, Vista filed a Motion for Sanctions in light of Lawson's failure to comply with the Contempt Order. ECF No. 184. On October 26, 2020, Judge Netburn issued a Report and Recommendation recommending that Vista's motion be granted in part and denied in part. ECF No. 197. The Report and Recommendation recommended that this Court strike Lawson's answer, enter default against Lawson and remand the matter to Judge Netburn to

conduct a damages inquest; that any judgment be held against Lawson, Fortress Foods and Simon Law jointly and severally; that this Court award attorney's fees incurred as of April 2018 and caused by Lawson's misconduct, which includes the filing of this motion; that the Court remand the matter to Judge Netburn to conduct a review of Vista's attorneys' fees; and that any attorneys' fee award be held against Lawson, Fortress Foods and Simon Law jointly and severally. It further recommended that any judgment include the fine issued by the Contempt Order, starting on October 15, 2018, until the date the date this Court adopts, modifies or rejects the Report, but that the Court decline to impose further monetary sanctions or imprison Simon Law. The Court adopted the Report and Recommendation in full, ECF No. 201, over the Objection of Defendant, ECF No. 198.

A motion for reconsideration "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Sigmon v. Goldman Sachs Mortgage Co.*, 229 F. Supp. 3d 254, 257 (S.D.N.Y. 2017) (citations omitted). A court will grant such a motion only where the party seeking reconsideration "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and quotation marks omitted). A motion for reconsideration "is not a vehicle for relitigating old issues, . . . securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). The decision to grant or deny a motion for reconsideration is committed to the sound discretion of the district court, but in exercising that discretion, the court "must be mindful that a motion for reconsideration is not favored and is properly granted only upon a showing of exceptional circumstances." *Boyd v. J.E. Robert Co.*, No. 05-CV-2455, 2013 WL 5436969, at *2 (E.D.N.Y. Sept. 27, 2013), *aff'd*, 765 F.3d 123 (2d Cir. 2014) (quoting *Nakshin v. Holder*, 360 Fed.Appx. 192, 193 (2d Cir. 2010)) (quotation marks omitted).

Defendant's Motion for Reconsideration plainly raises arguments already advanced by Defendant in its Objections and rejected by this Court. Defendant argues that it is not seeking a second bit at the apple by contending its arguments were not considered in the first instance. The record says otherwise. Defendant argues that "[n]either the Report and Recommendation nor the Order address whether Defendant was able to comply with the subpoena issued upon Fortress more than perfunctorily". *See* ECF No. 202-1 at 6. However, the willfulness of Defendant's failure to comply with the subpoena was considered by Magistrate Judge Sarah Netburn in her Report and Recommendation[1], and again by this Court in its Order adopting Judge Netburn's Report and Recommendation[2]. Both concluded that Defendant had not made the necessary showing to overcome the law of the case established by the Contempt Order—that Defendant controlled or was an alter-ego of Fortress Food, was liable for its failure to comply with the subpoena, and presented no excuse for not complying.

Defendant also seeks reconsideration because "lesser sanctions other than striking Lawson's answer and entering default judgment were not considered". ECF No. 202-1 at 1. This

---

[1] *See* ECF No. 197 at 3-4 ("Following an evidentiary hearing, the Court found that Fortress Foods is the alter ego of Lawson and Simon Law. . . To the extent Lawson's arguments are interpreted as a motion for reconsideration, such motion is untimely and denied on the merits. *See* Local Civ. Rule 6.3. Lawson points to no evidence in the record to question the Court's finding and fails to respond to the evidence that is in the record to question the Court's findings and fails to respond to the evidence that *is* in the record: namely, documents that establish that Lawson was using Fortress Foods to continue the Lawson business in violation of its commitment to Vista. Lawson's further efforts to argue i[t]s position—based only on counsel's say so—is also barred by the law of the case doctrine. . . Finally, Lawson has not 'presented a credible reason why [it has] failed, repeatedly, to turn over discovery in a timely fashion.'")

[2] *See* ECF No. 201 at 11 ("For example, the contention that Lawson did not willfully defy the Contempt Order because the relevant documents are 'in the possession of Fortress' is a clear attempt to relitigate the Contempt Order's conclusion that Lawson did indeed control Fortress and had an obligation to maintain the requested records. These objections, which are tantamount to a request for reconsideration of the Contempt Order, are untimely and not well taken. The law of the case doctrine 'forecloses re-litigation of issues expressly or impliedly decided by the [ ] court.' *United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir. 2002) (internal citations omitted). Absent 'cogent or compelling reasons', the law of the case controls. *See Johnson v. Holder*, 564 F.3d 95, 99-100 (2d Cir. 2009) (internal quotations omitted). Here, the Contempt Order concluded that Lawson and Law were responsible for Fortress's failure to comply with discovery. No cogent or compelling reason has been presented to depart from this conclusion.")

argument was already advanced by Defendant in its Objection to the Report and Recommendation[3] and considered by the Court[4]. Defendant does not identify any "controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the [C]ourt". *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Defendant's general dissatisfaction with the Court's conclusion or the length of the Court's discussion does not constitute "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" meriting reconsideration. *Kolel*, 729 F.3d 99 at 104.

The Court concludes that neither the above arguments, nor any others advanced by Defendant, clear the high bar for reconsideration. Defendant's motion for reconsideration is therefore DENIED.

**SO ORDERED.**

**Dated: December 15, 2020**
  **New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**

---

[3] For example, Defendant argued in its objections that: "Lesser sanctions were not considered yet could have been effective in furthering the goals of Rule 37, while also providing relief to Plaintiff. Lesser sanctions could have included less draconian forms of relief such as preclusion of the Defendants from introducing particular evidence in support of their claims, or from testifying at trial in this matter. Such a sanction would have been effective and would have provided sufficient relief to Plaintiff , as it would hamper the ability of the Defendants to prove their claims at trial but would stop short of the drastic remedy of dismissal." ECF No. 198 at 23.

[4] *See* ECF No. 201 at 12 ("Reviewing Lawson's conduct *de novo*, this Court agrees with Judge Netburn's conclusion that default is the appropriate sanction. The Contempt Order with which Lawson has failed to comply clearly constitutes a lesser sanction that has been attempted in this matter. The Contempt Order allowed a 14-day period for Lawson to cure by complying with the Fortress subpoena. Lawson did not do so. Even today, Lawson has failed to pay the fine imposed by the Contempt Order or to comply with the subpoena.")