USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: April 5, 2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
VISTA FOOD EXCHANGE, INC.,    :
                              :
                   Plaintiff, :
                              :   17-CV-07454 (ALC)(SN)
        -against-             :
                              :   **AMENDED ORDER**
LAWSON FOODS, LLC,            :   **ADOPTING JUDGE NETBURN'S**
                              :   **REPORT &**
                   Defendant. :   **RECOMMENDATION**
                              :
                              :
                              :
                              :
------------------------------------------------------------------- :
                              :
                              x

**ANDREW L. CARTER, JR., District Judge:**

This case concerns a 2016 agreement between Plaintiff Vista Food Exchange, Inc. ("Vista") and Defendant Lawson Foods, LLC ("Lawson"). The agreement provided that Lawson would not export to China pork purchased from Vista that was produced by a third-party supplier and that was certified for domestic consumption only. Weeks after signing the agreement, Lawson created a corporation to continue exporting such pork to China in violation of its contractual obligations. On November 30, 2020, this Court adopted Magistrate Judge Sarah Netburn's Report and Recommendation ("R&R") that default judgment be entered against Lawson, due to Lawson's repeated failure to comply with the Court's discovery orders. ECF. No. 201. The matter was then remanded to Judge Netburn to conduct an inquest on damages and to report and recommend concerning the damages due to Vista. ECF No. 209.

In summary, the Court adopts the March 14, 2022 Report and Recommendation ("3/14/2022 R&R") from Magistrate Judge Sarah Netburn at ECF No. 253. The Court also

1

clarifies that the award of civil contempt damages entered against Defendant at ECF No. 197 and adopted at ECF No. 201 is separate and apart from the other damages calculations.

## BACKGROUND

The facts of this case were set out in great detail in Judge Netburn's November 1, 2019 order holding Lawson in contempt. *See* ECF No. 172. The Court assumes the parties' familiarity with this case and discusses only those facts necessary to support the Court's conclusion.

## LEGAL STANDARD

When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* those portions of the report and recommendation to which the party objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *See Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

## DISCUSSION

Having carefully reviewed the 3/14/2022 R&R and the underlying record *de novo* as to the parties' specific objections, the Court analyzes their objections in sequence.

*Plaintiff's Objection 1: Amount of Punitive Damages*

Plaintiff objects on a limited basis to the 3/14/2022 R&R as to the amount of punitive damages awarded by Judge Netburn. *See* ECF No. 253 at pgs. 20-22. Judge Netburn recommended awarding Vista punitive damages of $647,987.00.

Plaintiff's Objections (ECF No. 254) argue that Judge Netburn's punitive damages are too low. The Court disagrees. Generally, a punitive damage award must bear a "reasonable relationship" to the compensatory damages awarded. *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 580 (1996). After considering "(1) the degree of reprehensibility of the defendant's conduct; (2) the difference between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded and the civil penalties imposed in comparable cases." *DeCurtis v. Upward Bound Int'l, Inc.*, 2011 WL 4549412 at *5 (S.D.N.Y. Sept. 27, 2011) (internal citation omitted), the Court agrees that punitive damages equaling one-half of the compensatory damages is appropriate. The Court awards punitive damages in the amount of $647,987.

*Plaintiff's Objection 2: Contempt Fines and Remedies*

Plaintiff's second objection does not disagree with Judge Netburn's conclusions, but instead seeks clarification. The 3/14/2022 R&R does not state whether Judge Netburn's recommended damages award includes the civil contempt fine previously recommended by the Court against Defendants at ECF No. 197 and adopted at ECF No. 201.

The Court holds that the civil contempt fine of $100 per day is a separate penalty against Lawson, Fortress Foods, and Simon Law and is to be added on top of the damages, attorneys' fees, and statutory interest ordered in Judge Netburn's 3/14/2022 R&R. The amounts listed at

page 28 of the 3/14/2022 R&R were related to Defendant's underlying conduct leading to this lawsuit, not for the contempt of court penalty arising from Defendant's failure to comply with Court orders. Therefore, the $77,800[1] fine is in addition to Judge Netburn's damages and attorney's fees calculated in the 3/14/2022 R&R. The civil contempt fine is imposed jointly and severally upon Fortress Foods, Lawson, and Simon Law, separate and apart from the other calculated damages and fees.

### *Defendant's First Objection*

Defendant's first objection (ECF No. 255, p.3) appears to incorporate all of their prior objections to each of Judge Netburn's Reports and Recommendations in this case.

The law of the case doctrine "forecloses re-litigation of issues expressly or impliedly decided by the [] court." *United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir. 2002) (internal citations omitted). Absent "cogent or compelling reasons", the law of the case controls. See *Johnson v. Holder*, 564 F.3d 95, 99-100 (2d Cir. 2009) (internal quotations omitted). Defendant provides neither cogent nor compelling reasons and merely attempts to relitigate issues already decided over the course of years of litigation in this case. Defendant's first objection is rejected in its entirety.

### *Defendant's Second Objection*

---

[1] The Court arrived at the $77,800 figure as follows. In her October 26, 2020 Report & Recommendation at ECF No. 197, p.8, Judge Netburn recommends that "any judgment [shall] include the $100 fine issued by the Contempt Order, starting on October 15, 2018, until the date the District Court adopts, modifies or rejects this Report. The Court has already imposed this fine jointly and severally upon Lawson, Fortress Foods and Simon Law." A start date of October 15, 2018 to the entry of the District Court's Order Adopting the R&R on November 30, 2020 (ECF No. 201) is a duration of 778 days. Multiplied by $100 per day, equals $77,800 in contempt fees.

Defendant's second objection (ECF No. 255, p.6) appears to question Judge Netburn's decision not to hold an Inquest Hearing and to make her ruling based on documentary submissions.

Defendant had an opportunity to file documents for the inquest and chose not to. During the damages proceedings before Judge Netburn, Defendants Lawson, Law, Fortress, and Plaintiff Vista all received notice from the Court of the parties' duties to make their damages submission in evidentiary form along with proposed findings of fact and conclusions of law. Instead, Lawson "defer[red] to the Court." *See* 3/14/2022 R&R at 16. As Judge Netburn noted:

> Lawson has failed to timely designate an expert witness as to damages, meet the Court's deadline for rebuttal evidence, or otherwise respond to [Plaintiff's expert] report in any substantive way. Lawson could have articulated objections to [Plaintiff's expert] testimony in response to Vista's May 2021 motion, or as part of its proposed findings of fact and conclusions of law; it did neither. Cursory protestations that the parties' papers "insufficiently" address certain issues are not enough. [Plaintiff's expert] has provided a complete statement of his opinions, the basis and reasons for those opinions, and the data or other information he considered in reaching them. *See* Fed. R. Civ. P. 26(a)(2)(B).

3/14/2022 R&R at 17.

Lawson had an opportunity to present its damages defense evidence and arguments to Judge Netburn and chose not to do so. They are not now entitled to a second damages hearing. *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d. Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has 'no right to present further testimony when it offer[s] no justification for not offering the testimony at the hearing before the magistrate.") Judge Netburn correctly ruled that defendant's cursory protestations, in lieu of submitting actual evidence, are insufficient. Moreover, although damages hearings are permitted, they are not required under Rule 55(b)(2). *See Action S.A. v. Marc Rich & Co.*, 951 F. 2d 504, 508 (2d Cir. 1991). The documents submitted provide a "sufficient basis from which to evaluate

5

the fairness of the damages requested." *Am. Jewish Comm. V. Berman*, 2016 WL 3365313 at * 4 (S.D.N.Y. June 15, 2016) (internal citations and quotation omitted). Defendant's second objection is rejected in its entirety.

### *Defendant's Other Objections are Without Merit*

Defendant files a litany of other objections in its opposition to the 3/14/2022 R&R. These objections center on Judge Netburn's finding of liability, award of attorney's fees, and award of pre-judgment interest against defendants. Those are rejected, as they merely attempt to relitigate the case.

These questions were already resolved in prior proceedings before this Court and Judge Netburn's Chambers. *See, e.g.,* ECF Nos. 197 (October 2020 Report & Recommendation), ECF No. 201 (Adoption of October 2020 Report & Recommendation). As noted above, the law of the case doctrine "forecloses re-litigation of issues expressly or impliedly decided by the [] court." *United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir. 2002) (internal citations omitted). Absent "cogent or compelling reasons", the law of the case controls. *See Johnson v. Holder*, 564 F.3d 95, 99-100 (2d Cir. 2009) (internal quotations omitted). Because Lawson's objections attempt to re-litigate issues already decided on a prior motion by re-asserting arguments already considered, they do not trigger *de novo* review. Where "a party's objections are simply a regurgitation of the arguments [it] made to the magistrate judge, a *de novo* review is unwarranted. Instead, the report and recommendation is reviewed by the district judge for clear error." *Union Lab. Life Ins. Co. v. Olsten Corp. Health & Welfare Benefit Plan*, 617 F.Supp.2d 131, 134 (E.D.N.Y. 2008) (quoting *Gee Chan Choi v. Jeong-Wha Kim*, No. 04 Civ. 4693, 2006 WL 3535931 at *2 (E.D.N.Y. Dec. 7, 2006)). After extensive proceedings and review of the

legal issues across multiple reports and recommendations, Judge Netburn again analyzed the question of Defendant's liability (3/14/2022 R&R at 6-15), Defendant's damages (3/14/2022 R&R at 15-22), attorney's fees (3/14/2022 R&R at 23-26), and both pre- and post-judgment interest (3/14/2022 R&R at 27-28) in her most recent R&R. The Court finds Defendant's arguments unavailing and finds no clear error in Judge Netburn's rulings.

The Court overrules all of Defendant's objections and overrules Plaintiff's first objection. For Plaintiff's second objection, the Court holds that the $77,800 contempt fine is in addition to Judge Netburn's damages and attorney's fees calculated in the 3/14/2022 R&R. That fine is imposed jointly and severally upon Fortress Foods, Lawson, and Simon Law, separate and apart from the other calculated damages and fees.

## CONCLUSION

For the above reasons, the Court adopts Magistrate Judge Sarah Netburn's March 14, 2022 Report and Recommendation. The Court finds Lawson Foods LLC liable for $2,258,537, plus applicable interest, broken down as:

- $1,295,974 in compensatory damages, plus 9% prejudgment simple interest, calculated from June 6, 2016, to the date of judgment;

- $647,987 in punitive damages;

- $314,576 in attorneys' fees; and

- post-judgment interest pursuant to 28 U.S.C. § 1961 on the amount of $2,258,537, calculated from the date of judgment until the date of Lawson's payment.

In addition, the Court holds that the civil contempt fine of $100 per day starting on October 15, 2018, and ending on November 30, 2020, that was imposed jointly and severally upon Fortress Foods, Lawson, and Simon Law in Judge Netburn's Order of November 1, 2019 (ECF No. 172) is separate and apart from the above damages judgment, attorneys' fees, and statutory interest. The Court finds Lawson Foods LLC liable for $77,800 to be added on to the judgment total *after* the calculation of interest.

The Clerk of Court is respectfully directed to enter judgment and close the case.

**SO ORDERED.**

**Dated:**    **New York, New York**
          **March 31, 2023**

                                                                      __/s/ Andrew Carter__
                                                                 **ANDREW L. CARTER, JR.**
                                                                 **United States District Judge**