UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
VISTA FOOD EXCHANGE, INC., :
 :
                        **Plaintiff,** :
 : 17-CV-07454 (ALC)(SN)
   -against- :
 : (Related Case Number
LAWSON FOODS, LLC, : 1:21-CV-04689-ALC)
 :
                        **Defendant.** : **ORDER HOLDING**
 : **LAWSON FOODS, LLC**
 : **AND CORPORATE**
 : **OFFICER SIMON LAW IN**
 : **CONTEMPT OF COURT**
------------------------------------------------------------------ : **AND IMPOSING DAILY**
                                                                                                                           x **FINES**

**ANDREW L. CARTER, JR., District Judge:**

     On December 19, 2023 and December 27, 2023, the Court held hearings on the December 6, 2023 Order to Show Cause brought by Plaintiff Vista Food Exchange, Inc. to hold Defendant Lawson Foods, LLC, and its corporate officer Simon Law in contempt and for the imposition of sanctions. The Court has reviewed and considered the parties' filings and arguments.

     Lawson Foods, LLC and Simon Law have set forth a defense of financial inability to comply with the Court's orders and judgment. "Once the movant has carried its burden and established the three elements necessary for a finding of contempt, the burden shifts to the alleged contemnor, who must produce evidence establishing a complete inability to pay." *United States Sec. & Exch. Comm'n v. Bronson*, No. 12-CV-6421 (KMK), 2021 WL 3167853, at *5 (S.D.N.Y. Jan. 19, 2021), *motion for relief from judgment denied*, 602 F. Supp. 3d 599 (S.D.N.Y. 2022), *aff'd sub nom*. *United States Sec. & Exch. Comm'n v. Bronson*, No. 22-1045-CV, 2022 WL 5237474 (2d Cir. Oct. 6, 2022), *cert. denied sub nom. Bronson v. United States Sec. & Exch.*

*Com'n*, 143 S. Ct. 2643 (2023). "[A]n alleged contemnor who claims that he is unable to pay a judgment, 'bears the burden of producing evidence of his inability to comply' with the [] order." *United States Sec. & Exch. Comm'n v. Universal Exp., Inc.*, 546 F. Supp. 2d 132, 134 (S.D.N.Y. 2008) (quoting *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995)). "[The] burden is to establish his inability clearly, plainly, and unmistakably." *Huber*, 51 F.3d at 10. Proof that the contemnor "cannot pay the entire amount would not absolve him from paying as much as is possible to pay under the circumstances[.]" *Universal Exp.*, 546 F. Supp. 2d at 135. "At the bare minimum, reasonable diligence requires a party to 'pay what he or she can.'" *Bronson*, 2021 WL 3167853*, at \*7 (citing *United States Sec. & Exch. Comm'n v. Musella*, 818 F. Supp. 600, 602, 609 (S.D.N.Y. 1993).

Lawson produced tax returns and bank statements dated 2020-2023 in support of its defense. The Court finds that Lawson and Law's defense of financial inability to comply with the Court's orders and judgment is without merit. Lawson has not met its burden. The evidence it submitted is insufficient, incomplete, and contradicts Lawson's claims of financial inability to comply. Lawson produced its tax returns for tax years 2020, 2021 and 2022, ECF Nos. 298-3 – 298-4 (Exhibits C-E); and bank statements for four bank accounts held in 2021, 2022, 2023. ECF Nos. 298-6 – 298-18 (Exhibits F-R). Lawson's tax returns reflect it has substantial assets: $1,685,407 in the 2020 return; $968,653 in the 2021 return; and $742,501.00 in the 2022 return, Exhibits C-E.

Lawson provided a transcript of Mr. Law's testimony given during the Meeting of Creditors on October 30, 2023, in his bankruptcy proceeding, *In re Law*, Case No. 23-19542-SLM, pending in the District of New Jersey. ECF No. 298-2 (Exhibit B). Mr. Law testified that Lawson is now a small outsourcing and consulting business, and is no longer a multimillion

2

operation. *Id.* Mr. Law represented that Lawson has no assets except for "old vans" and lacks receivables or inventory. *Id.* However, Mr. Law testified that Lawson pays him a monthly salary of approximately $12,500, *id.* at 21, and Lawson made car payments on Law's Tesla Model X, *id.* at 14-15. Lawson's apparent ability to foot the bill for such expenses is incompatible with Lawson's contention that Lawson lacks funds to comply with the Court's orders and judgment.

Vista has provided United States Department of Agriculture ("USDA") records, dated December 25, 2023, stating that Lawson is a licensed USDA Classification 4 processing plant with 1 to 10 million pounds of meat per month, ECF Nos. 303-1 – 303-2. Vista submitted the declaration of Tim Lugar, Vice President of Sales and Marketing for Vista, ECF No. 303, who examined the USDA pricing data, and estimated that Lawson's monthly gross revenues on sales is in the range of at least $644,700 per month to as much as $14,100,000 per month per million pounds, *id.* ¶ 4. Lawson's counsel represented that Lawson no longer processes meat. However, counsel's assertion is only supported by Mr. Law's testimony, and they failed to provide any other evidence demonstrating that Lawson no longer processes meat. As such, Lawson has not met its burden to present a defense of financial inability to comply with the Court's orders and judgment.

The Court has determined that Vista's application for an adjudication of contempt should be **GRANTED**.

Accordingly, it is hereby:

**ORDERED** that Simon Law, as Managing Member and the person in control of Lawson Foods, LLC, is responsible for Lawson Foods, LLC's willful pattern of contempt and non-compliance with the Court's prior contempt orders, including the final judgment not paid by

Lawson Foods, LLC, and is also responsible for Lawson Foods, LLC's compliance with the terms of this Order;

**ORDERED** that Lawson Foods, LLC, and Simon Law, solely in his capacity as Managing Member, are in willful civil contempt for Lawson Foods, LLC's complete failure to timely comply with the Court's clear directive in its final Amended Judgment dated October 26, 2023 (ECF No. 277) that Lawson Foods, LLC pay to Vista Court-ordered attorney's fees for its prior civil contempt in the amount of $314,576.00 within 30 days of said Amended Judgment. To date, Lawson has only paid $5,810.25 towards the attorney's fees in the Amended Judgment, bringing its outstanding balance to $308,765.75;

**ORDERED** that the Court hereby imposes civil contempt fines against Lawson Foods, LLC and Simon Law as a corporate officer to be paid to Vista Food Exchange, Inc. in the aggregate amount of $60,000.00 for the period from November 27, 2023, through December 27, 2023, and the daily fine amount shall be $2,000.00 per day for each date of continuing non-compliance thereafter, until all sums awarded here are paid in full;

**ORDERED** that in addition to the daily fines awarded above, Lawson Foods, LLC is also ordered to forthwith pay to Vista, the sum of $308,765.75 plus additional attorney's fees and expenses payable directly by Lawson to Vista's counsel Jonathan C. Scott P.C. in the amount of $241,285.00.

**ORDERED** that the Court expressly retains jurisdiction over any and all further contempt proceedings in this case.

The Clerk of the Court is respectfully directed to file this order in the related matter 21-CV-04689.

**SO ORDERED.**

|  |  |
|---|---|
| **Dated:** **January 8, 2024**<br>**New York, New York** | _/s/ Andrew L. Carter_<br>**ANDREW L. CARTER, JR.**<br>**United States District Judge** |

5