USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/29/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

**VISTA FOOD EXCHANGE, INC.,**

**Plaintiff,**

**-against-**

**LAWSON FOODS, LLC,**

**Defendant.**

---------------------------------------------------------------X

**17-CV-07454 (ALC)(SN)**

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

Vista Food Exchange, Inc. ("Plaintiff") seeks to compel responses to two Rule 45 subpoenas that Plaintiff served on non-parties Maplewood Foods LLC ("Maplewood") and S.D.J Trading, Inc. ("SDJ") (collectively, the "non-parties"). See ECF No. 3361. The Court directed the non-parties to file a response to Plaintiff's letter motion and separately directed the parties to inform the Court whether Plaintiff's motion is impacted by the parallel bankruptcy proceeding pending in the United States Bankruptcy Court for the District of New Jersey. See ECF Nos. 3362, 3367, 3372. On June 12, 2026, Lawson Foods, LLC ("Defendant" or "Lawson") and SDJ filed separate response letters to Plaintiff's motion in which they opposed Plaintiff's non-party discovery requests on the basis that such discovery would violate the automatic stay entered in the Bankruptcy Court. See ECF Nos. 3365, 3366. Non-party Maplewood failed to file a response to Plaintiff's letter motion. Plaintiff and Defendant subsequently filed additional letters regarding the non-party discovery dispute, as well as a joint status letter following a Bankruptcy Court hearing held on June 23, 2026. See ECF Nos. 3368, 3370, 3371, 3373, 3378, 3379.

While the motion was pending, the Bankruptcy Court ruled that Plaintiff's subpoenas did not violate the automatic bankruptcy stay. See ECF No. 3378-1. That court further expressed its intention that the United States District Court for the Southern District of New York "consider the totality of all circumstances and that they examine whatever evidence is necessary to issue decisions/orders in the proceedings pending before" this Court. Id. Accordingly, the Court GRANTS Plaintiff's request to compel non-party discovery from Maplewood and SDJ and DENIES any objection raised by Lawson or the non-parties that the subpoenas violated the Bankruptcy Court's automatic stay.

On the merits, Plaintiff's subpoenas served on Maplewood and SDJ are identical and seek five categories of records. Plaintiff claims that Maplewood has responded to its non-party subpoena, but its response was "incomplete," and that SDJ "has not produced any responsive materials" but "expressed a willingness" to provide certain information under a protective order. See ECF No. 3361 at 1. Accordingly, Maplewood and SDJ are ORDERED to serve any responsive documents and objections by Tuesday, October 13, 2026. Any party seeking a protective order must file a proposed protective order by the same deadline. Finally, the parties are strongly encouraged to meet and confer to discuss whether a settlement conference would be productive. Any request for a settlement conference must be filed on the docket.

**CONCLUSION**

Plaintiff's request to compel non-party discovery from Maplewood and SDJ is GRANTED. Maplewood and SDJ are ORDERED to serve any responsive documents and objections by Tuesday, October 13, 2026. Any party seeking a protective order must file a proposed protective order by the same deadline. The parties are strongly encouraged to meet and confer to discuss whether a settlement conference would be productive. Any request for a settlement conference must be filed on the docket.

The Clerk of Court is respectfully requested to terminate the motions at ECF Nos. 3363, 3368, and 3378.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED: September 29, 2026
New York, New York